UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANNY RAY LAWRENCE, JR.,                )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )       Case No. 4:25-cv-00249-SRC
                                        )
FRANK J. BISIGNANO,                     )
Commissioner of the Social Security     )
Administration,                         )
                                        )
    Defendant.                          )

## Memorandum and Order

Danny Ray Lawrence, Jr. seeks judicial review, under 42 U.S.C. § 405(g), of the Commissioner of Social Security's final decision denying his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, respectively. For the reasons explained below, the Court reverses the Commissioner's decision and remands for further proceedings.

## I.    Procedural history

In 2022, Lawrence protectively filed applications for disability insurance benefits, Tr. 224–25, and supplemental security income, Tr. 228–36. The Social Security Administration denied his applications on initial review, Tr. 70–79, and on reconsideration, Tr. 80–99. Upon Lawrence's request, Tr. 145–46, an Administrative Law Judge held a hearing, Tr. 32–69. Lawrence testified during the hearing. Tr. 37–64. Following the hearing, the ALJ denied Lawrence's applications. Tr. 13–27. Lawrence then sought review of the ALJ's decision by the Appeals Council, but it denied Lawrence's request. Tr. 1–5. The ALJ's decision, therefore, is the final decision of the Commissioner that this Court reviews. *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

## II.   Standard for determining disability under the Act

Under the Social Security Act, an adult individual is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner follows a five-step process when evaluating whether the claimant has a disability.  20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1).  First, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in substantial gainful activity, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner evaluates the evidence to determine whether the claimant has a severe "impairment[] [that] significantly limits [the] [claimant's] physical or mental ability to do basic work activities."  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (fourth alteration in original) (quoting 20 C.F.R. § 416.920(c)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities."  *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (first citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); then citing *id.* at 158 (O'Connor, J.,

concurring); and then citing 20 C.F.R. § 404.1521); *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1520a(d), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the residual functional capacity (RFC) to perform his or her past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), 404.1545(a)(5)(i), 416.945(a)(5)(i).  RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations."  *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (quoting *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007)); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  While RFC must be "based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," RFC is nonetheless an administrative assessment— not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC."  *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (quoting *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009)).  Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion."  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (first citing *Myers v. Colvin*, 721 F.3d 521, 526–27 (8th Cir. 2013); and then citing *Perks v. Astrue*, 687 F.3d 1086, 1092–93 (8th Cir. 2012)).

Ultimately, the claimant is responsible for *providing* evidence relating to his or her RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination[] if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). If the Commissioner determines that the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Finally, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of producing evidence showing the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At this stage, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932 (citing *Goff*, 421 F.3d at 785).

## III.    The ALJ's decision

Applying the foregoing, the ALJ concluded that Lawrence had "not been under a disability within the meaning of the Social Security Act from May 5, 2020, through" March 6, 2024. Tr. 14; *see also* Tr. at 27. After determining that Lawrence had not engaged in substantial gainful activity since May 5, 2020, Tr. 15, the ALJ considered whether Lawrence had any severe impairments, Tr. 16–17. He concluded that Lawrence had several severe impairments, including intracranial head

4

pressure, congestive heart failure, hypertension, obesity, and low vision.  Tr. 16.  The ALJ then considered whether Lawrence's impairments individually, or in combination, met, or medically equaled, any of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, or 416.926.  Tr. 17–18.  He concluded that they did not.  Tr. 17–18.

Next, the ALJ determined Lawrence's RFC by considering all evidence in the record.  Tr. 18–25.  The ALJ determined that Lawrence had the RFC "to perform light work as defined in" sections 404.1567(b) and 416.967(b), except that Lawrence "cannot climb ladders, ropes, or scaffolds and can occasionally climb stairs and ramps."  Tr. 18.  Further, the ALJ found that Lawrence "can occasionally balance, stoop, kneel, crouch, and crawl."  *Id.*  Lawrence "must avoid concentrated exposure to temperature extremes (both hot and cold) and to pulmonary irritants such as dust, fumes, and gases," the ALJ determined, and he "must avoid exposure to hazards such as unprotected heights and dangerous machinery."  *Id.*  The ALJ also found that Lawrence "can perform work that involves the occasional use of near acuity and occasional color vision."  *Id.*

The ALJ then determined that Lawrence was "unable to perform any" of his "past relevant work."  Tr. 25–26.  Finally, the ALJ concluded that, considering Lawrence's "age, education, work experience," and RFC, "there are jobs that exist in significant numbers in the national economy" that Lawrence could perform.  Tr. 26.  Specifically, the ALJ explained that a vocational expert testified that Lawrence "would be able to perform the requirements of representative occupations such as" a sales attendant and a hotel housekeeper.  Tr. 26–27.  Accordingly, the ALJ decided that Lawrence was "not disabled."  Tr. 27.

## IV.    Standard of review

When a claimant seeks judicial review of the Commissioner's decision, the Court determines whether substantial evidence on the record as a whole supports his decision.  42 U.S.C. §§ 1383(c)(3), 405(g).  If it does, the Court must affirm the decision.  *Id.*  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "[T]he threshold for such evidentiary sufficiency is not high."  *Id.*  Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016) (citing *Crawford v. Colvin*, 809 F.3d 404, 408 (8th Cir. 2015)).  The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence."  *Id.* (quoting *Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015)).  The Court will not "reverse merely 'because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently.'"  *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (quoting *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015)).

## V.    Discussion

Lawrence argues that the ALJ committed error by omitting from his RFC determination certain limitations from a medical opinion, despite finding that opinion persuasive.  Doc. 12 at 4–7 (The Court cites to page numbers as assigned by CM/ECF.).  He further argues that the RFC determination was not harmless, because it impacted the evidence the ALJ relied on at Step Five.  *Id.* at 7–8.  The Court addresses each argument in turn.

6

**A.      Whether the ALJ erred in making Lawrence's RFC determination**

Lawrence first argues that the ALJ's failing to adopt the specific limitations included in the medical opinion of Dr. Clifford Costley, without explanation, was error warranting remand.  Doc. 12 at 4–6.  In his medical opinion, Dr. Costley stated that Lawrence would need to "[a]void [e]ven [m]oderate [e]xposure" to "[f]umes, odors, dusts, gases, poor ventilation, etc."  Tr. 86, 97.  Dr. Costley reasoned that Lawrence would need to avoid these environmental factors "due to his [congestive heart failure], as these things can cause breathing issues or cardiac exacerbations or symptoms."  Tr. 86, 97.  The ALJ found that Dr. Costley's opinion was "generally persuasive," and that his opinion was "supportable by" and "generally consistent with the overall medical evidence," aside from the specific vision limitations he included in the opinion.  Tr. 23.  Despite this finding, the ALJ included a less-restrictive limitation—i.e., that Lawrence need only avoid "concentrated exposure" to gas, dust, and fumes—in his RFC determination.  Tr. 18.

The Commissioner argues that the Court should affirm the ALJ's decision because the ALJ "was not required to adopt the exact limitations described in the prior administrative medical findings."  Doc. 15 at 3.  While the Court recognizes that an ALJ "is free to accept some, but not all, of a medical opinion," *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022), Lawrence does not simply argue that the ALJ should have adopted Dr. Costley's opinion wholesale.  Rather, he argues that, once the ALJ found Dr. Costley's opinion persuasive, the ALJ needed to "*explain any inconsistencies* between the limitations found in that opinion and the ultimate RFC."  Doc. 12 at 6 (citations omitted) (emphasis in original); doc. 16 at 4.

The Court agrees with Lawrence.  True, an ALJ "is not required to discuss every piece of evidence submitted."  *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)).  But the ALJ also may not "pick and choose only evidence in the

7

record buttressing his conclusion." *Nelson v. Saul*, 413 F. Supp. 3d. 886, 916 (E.D. Mo. 2019) (citations omitted).  And the Eighth Circuit has recognized that an ALJ's rejecting evidence without providing reasons may render the Court "unable to determine whether any such rejection is based on substantial evidence." *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995).  Social Security Ruling 96-8p also requires the ALJ assessing the RFC to "explain how any material inconsistencies or ambiguities in the evidence . . . were considered and resolved."  SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).  And "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  *Id.*

Despite finding Dr. Costley's opinion persuasive, and despite finding the evidence "consistent with the environmental limitations assessed by Dr. Costley to account for shortness of breath, chest pain, and safety concerns," Tr. 23, the ALJ does not explain why he opted for a less-restrictive RFC than what Dr. Costley recommended.  In a similar case, the Eighth Circuit has found remand appropriate.  In *Gann v. Berryhill*, two medical professionals opined that the claimant's ability to adapt to a work environment was "highly marginal" and "moderately limited."  864 F.3d 947, 950 (8th Cir. 2017).  Despite giving these opinions "significant weight," the ALJ failed to include the recommended restrictions in either the RFC assessment or the hypothetical questions posed to the vocational expert.  *Id.* at 952–53.  The Eighth Circuit thus found that the record lacked substantial evidence supporting the ALJ's decision and remanded the case.  *Id.* at 953.  The Court finds remand necessary here; because the Court "cannot speculate whether or why an ALJ rejected certain evidence," *Chater*, 65 F.3d at 104, "remand is necessary to fill this void in the record," *id.*

### B.      Whether the ALJ's error was harmless

The Court also agrees with Lawrence that the ALJ's error was not harmless.  *See* doc. 12 at 7–8.  To show that an error was not harmless, the claimant must "provide some indication that the ALJ

8

would have decided differently if the error had not occurred." *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)).  Here, the vocational expert testified that an individual with Lawrence's limitations could perform the jobs of sales attendant and hotel housekeeper.  Tr. 65–66.  But the vocational expert based her opinion on the ALJ's hypothetical, which stated that the individual must avoid "concentrated exposure . . . to pulmonary irritants, such as dusts, fumes, and gases."  Tr. 65.  The ALJ did not ask the vocational expert any hypotheticals regarding jobs individuals like Lawrence could perform if they had to avoid moderate exposure to these irritants.  *See* Tr. 64–69.

The Commissioner argues that the ALJ's decision at Step Five would have remained the same regardless of whether he adopted the exact limitations in Dr. Costley's medical opinion.  Doc. 15 at 5–6.  To support this point, he cites to the Dictionary of Occupational Titles and its companion publication to argue that the jobs of sales attendant and hotel housekeeper "do not involve any significant exposure to dusts, fumes, gases, or other pulmonary irritants."  *Id.* at 6.  While the descriptions for each of these occupations note that they do not involve exposure to extreme cold, extreme heat, wetness or humidity, or atmospheric conditions, *see* U.S. Dep't of Lab., *Dictionary of Occupational Titles*, 299.677-010 Sales Attendant, 1991 WL 672643 (1991); U.S. Dep't of Lab., *Dictionary of Occupational Titles*, 323.687-014 Cleaner, Housekeeping, 1991 WL 672783 (1991), that is not the end of the inquiry.  Social Security Ruling 96-9p instructs ALJs to evaluate "[r]estrictions to avoid exposure to odors or dust" on an "individual basis."  SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996).  And where, as here, the environmental restriction falls between "very little and excessive," the ALJ's resolution of the issue "will generally require consultation of occupational reference materials or the services of a [vocational specialist]."  SSR 85-15, 1985 WL 56857, at *8 (Jan. 1, 1985).

Thus, Lawrence has shown "some indication" that the ALJ would have decided his case differently had he adopted the restrictions in Dr. Costley's medical opinion. *Lucus*, 960 F.3d at 1069. The Court therefore finds that the ALJ's error was not harmless, making remand appropriate. On remand, the ALJ should consider all of the functional limitations in Dr. Costley's opinion and should either incorporate these limitations into the RFC or explain why he did not adopt a particular limitation.

## VI.    Conclusion

For the reasons explained above, the Court reverses the Commissioner's decision and remands this case under 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion. A separate judgment accompanies this Memorandum and Order.

So ordered this 25th day of March 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

10